IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAYLOR H., by and through her parents TODD H. and ELAINE H., | ) ) ) ) CIVIL NO. 09-00020 SOM-LEK |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) |
| Defendants. | ) ) ) |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by Chief

United States District Judge Susan Oki Mollway, is Plaintiff

Taylor H.'s ("Plaintiff"), by and through her parents Todd H. and

Elaina H. (collectively "Plaintiffs"), Motion for Attorneys' Fees

and Costs("Motion"), filed on March 24, 2009.  Plaintiffs request

an award of $24,721.52 in attorneys' fees and costs.  Defendant

Department of Education ("Defendant") filed its memorandum in

opposition on April 7, 2009, and Plaintiffs filed their reply on

April 21, 2009.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for

the District of Hawaii ("Local Rules").  After reviewing the

parties' submissions and the relevant case law, the Court HEREBY

FINDS and RECOMMENDS that the Plaintiffs' Motion be GRANTED IN

PART AND DENIED IN PART.  The Court recommends that the district judge award Plaintiffs $23,424.60 in attorneys' fees and $429.97 in costs, for a total award of $23,854.57.

## BACKGROUND

Plaintiff is qualified as a student with a disability under the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs filed a request for an impartial hearing to establish whether Defendant provided Plaintiff with a free and appropriate public education.  After a two-day administrative hearing, the hearings officer determined Plaintiffs as the prevailing party, thus entitling Plaintiffs to reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(e)(4)(B).

On November 17, 2008, Plaintiffs' counsel submitted an invoice to Defendant's counsel, requesting a total amount of $22,055.77 in attorneys' fees and costs.  [Exh. B to Mem. in Opp.]  In a series of letters dated between December 16-30, 2008, Plaintiffs' and Defendant's counsel voiced their objections concerning each other's proposed amount for attorneys' fees and costs.  Defendant's counsel objected to reimbursing paralegal fees related to preparing for and attending the administrative hearing.  Plaintiffs' counsel rejected Defendant's counteroffer, providing prior rulings justifying the value of a paralegal service as a "second chair" in preparing for and attending an administrative hearing.  [Exh. D to Mem. in Opp.]

2

On January 12, 2009, Plaintiffs filed their Complaint seeking payment from Defendant to reimburse attorneys' fees and costs for a total amount of $22,055.77.  [Complaint at 3.]  In the instant Motion, however, Plaintiffs request $22,828.38 in attorneys' fees and $1,893.14 in costs for a total amount of $24,721.52.  [Motion at 2.]

Plaintiffs assert that as the prevailing party they are entitled to reasonable attorneys' fees and costs.  Plaintiffs seek reimbursement for all work in these proceedings at counsels' current rates: $285 per hour for Stanley E. Levin, Esq.; $185 per hour for Susan Dorsey, Esq.  Plaintiffs seek reimbursement for Mr. Ellis' paralegal fees incurred in these proceedings at $85 per hour.  [Id. at 3-4.]  Plaintiffs argue that the hours billed for paralegal services are warranted, reasonable and compensable, because the case presented novel and complex issues that required a paralegal to serve as a second chair.  [Id. at 6-10.]

In its memorandum in opposition, Defendant does not contest that Plaintiffs are the prevailing party, nor raise objections to Plaintiffs' requested billing rates for counsel and paralegal fees.  [Mem. in Opp. at 3-4.]  Defendant does object to Plaintiffs' invoice attached to the Motion, noting that the invoice requests an amount higher than what was initially provided to Defendant before this action was filed.  [Id. at 4-6.]

Defendant further argues that a portion of the hours expended by Plaintiffs are unreasonable.  Defendant points to three areas that it objects to: 1) the hours Plaintiffs' paralegal spent drafting and editing a chronology, 2) the hours Plaintiffs' counsel spent writing the opening brief, and 3) the hours Plaintiffs' paralegal spent preparing for and attending the administrative hearing.  [Id. at 4-10.]

In their reply memorandum, Plaintiffs assert that the revised invoice accompanying the Motion was filed after recognizing an inadvertent error that rendered the initial invoice submitted to Defendant incorrect.  [Reply at 2.] Plaintiffs respond to Defendant's objections by arguing that a chronology is an integral part of managing the voluminous record of an IDEA case.  To justify the amount of time Plaintiffs' counsel expended on writing the opening brief, Plaintiffs refer to the difference in style, substance, and page length of Plaintiffs and Defendant's opening briefs.  Finally, Plaintiffs argue that their counsel's use of a paralegal was reasonable, necessary, and economical.  [Id. at 2-10.]

## DISCUSSION

## I.  Entitlement to Attorney's Fees

The IDEA provides, in pertinent part:

In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
    (I) to a prevailing party who is the parent

4

of a child with a disability[.]

20 U.S.C. § 1415(i)(3)(B)(i)(I).  Defendant does not contest

Plaintiffs' entitlement to attorneys' fees and costs, although it

raises several objections to the amount of the requested award.

This Court therefore FINDS that Plaintiffs are entitled to

reasonable attorney's fees pursuant to § 1415(i)(3)(B)(i)(I).

## II.  <u>Calculation of Award</u>

In calculating an award of reasonable attorneys' fees

in IDEA cases, courts use the lodestar calculation set forth in

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u>, <u>e.g.</u>,

<u>Aguirre v. Los Angeles Unified Sch. Dist.</u>, 461 F.3d 1114, 1121

(9th Cir. 2006) (holding that "attorney's fees awarded under 20

U.S.C. § 1415 are governed by the standards set forth by the

Supreme Court in <u>Hensley</u> and its progeny").  A court must

determine a reasonable fee by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly

rate."  <u>Hensley</u>, 461 U.S. at 433.

The following factors are subsumed within the lodestar

determination: "(1) the novelty and complexity of the issues, (2)

the special skill and experience of counsel, (3) the quality of

representation, . . . (4) the results obtained, and (5) the

contingent nature of the fee agreement".  <u>Morales v. City of San</u>

<u>Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that

"[a]djusting the lodestar on the basis of subsumed reasonableness

5

factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted). The Ninth Circuit, however, extending <u>City of Burlington v. Daque</u>, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation.  <u>See</u> <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the lodestar amount is presumptively reasonable.  <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases).  The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119.  The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the

attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 6.75 | $285 | $ 1,923.75 |
| Susan Dorsey | 85.85 | $185 | $15,882.25 |
| Bruce Ellis | 54.90 | $ 85 | $ 4,666.50 |
| | | Subtotal | $21,118.75 |
| | State Excise Tax of 4.712% | | $   995.12 |
| | | **TOTAL** | **$22,113.87** |

[Motion, Decl. of Stanley E. Levin ("Levin Decl."), Decl. of Susan Dorsey, Decl. of Bruce Ellis, Exhs. A-E.]  Mr. Levin and Ms. Dorsey were admitted to the Hawaii State Bar in 1972 and 2000, respectively.  Mr. Levin has litigated numerous IDEA cases in this district court.

A.    **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

7

1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiffs' counsel did not submit additional documentation; however, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. This Court finds the requested hourly rates of $285 for Mr. Levin, $185 for Ms. Dorsey, and $85 for Mr. Ellis are manifestly reasonable.

**B.   <u>Hours Reasonably Expended</u>**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or

otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1.   Chronology

Defendant objects to the 11.3 hours that Mr. Ellis spent working on a chronology as excessive.  Defendant suggests that six hours should be awarded instead as a more reasonable amount of time to draft and edit a chronology.  This Court notes that the district court has previously found that comparable time billed for a chronology was not excessive.  See Alicia F. v. Dep't of Educ., CV. NO. 06-00268 HG-BMK, 2007 WL 4079884 (D. Haw. Aug. 10, 2007).  This Court therefore deems the hours Mr. Ellis expended working on the chronology to be reasonable and compensable.

### 2.   Opening Brief

Defendant objects to the amount of time Plaintiffs' counsel spent drafting and editing the opening brief, contending that 11.6 hours expended is excessive.  Defendant claims that the identical legal standard in Plaintiffs' opening brief was submitted by Plaintiffs' counsel in two other subsequent administrative hearings.  Defendant argues that eight hours is a

more reasonable amount of time to award for drafting and editing an opening brief that contains an already-crafted legal standard.

In their reply memorandum, Plaintiffs argue that their opening brief, which is seventeen pages long, demonstrates the higher level of effort and detail compared to Defendant's opening brief, which Plaintiffs claim was contained in a single page.

This Court does not find that the hours expended on Plaintiffs' opening brief were excessive, and will refrain from subtracting any hours from Ms. Dorsey's billing.

### 3.    Duplicate Billings

Defendant objects to paying fees for Mr. Ellis' time preparing for and attending the administrative hearing. Defendant argues that the prior rulings from the district court allow Mr. Ellis to function in the capacity of a second chair only to Mr. Levin, but not Ms. Dorsey.

This Court agrees with Plaintiffs and finds the hours billed by Mr. Ellis related to his preparation for and attendance as a second chair at the administrative hearing to be compensable.  This Court does not read the language used in the district court ruling in Melodee H. v. Dep't of Educ., CV. NO. 07-00256 HG-LEK, 2008 WL 4344701 (D. Haw. Sep. 23, 2008), to compensate Mr. Ellis only when he functions as a second chair to Mr. Levin.  Further, in their reply memorandum, Plaintiffs have described in detail the type of work performed by Mr. Ellis to

10

substantiate their request.  This Court finds that Mr. Ellis did
not attend the administrative hearing merely as an observer,
contrary to what Defendant suggests, and finds those hours are
reasonably compensable.

This Court does find that two of Mr. Ellis' entries
contain identical work performed by Ms. Dorsey.  When duplicative
work is performed by counsel, it is this Court's practice to use
analogous logic from prior rulings and deduct fees from the
lowest-billing attorney.  See Brandon E. v. Dep't of Educ., CV.
NO. 07-00536 ACK-LEK, WL 4602533, at *10 (D. Haw. Oct. 16, 2008)
(citing In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996)
(deducting fees incurred by the two lowest-billing attorneys
where three attorneys billed time spent attending a meeting
together)).  This Court will therefore deduct 0.9 hours from
Mr. Ellis' time billed for the duplicative entries conducted on
October 20, 2008, and will award fees only to Ms. Dorsey.

### 4.   **Clerical or ministerial work**

Clerical or ministerial tasks are part of an attorney's
overheard and are reflected in the charged hourly rate.  See,
e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d
538, 549 (E.D. Pa. 2003).  This Court finds that two of
Mr. Ellis' entries are for clerical tasks, namely reviewing a
file regarding the client's additional individualized education
plan dates, and reviewing an e-mail from opposing counsel

regarding hearing dates.  This Court will therefore deduct 0.2 hours billed on November 5, 2007 and 0.1 hours billed on February 28, 2008, for a total reduction of 0.3 hours from Mr. Ellis' billing.

This Court finds that the remaining entries for attorneys' fees for Mr. Levin and Ms. Dorsey, and paralegal fees for Mr. Ellis, were sufficiently documented and reasonably incurred pursuant to Local Rule 54.3.

### 5.   **Fees Incurred for the Complaint**

Plaintiffs request $1,353.75 for drafting the Complaint.  [Exh. E to Levin Decl.]  Defendant did not raise any objections to Plaintiffs' request.

This Court has previously awarded Mr. Levin fees for sufficiently documented, reasonable hours incurred drafting responsive pleadings subsequent to filing a complaint.  See Brandon E., WL 4602533 (finding hours incurred working on responsive briefing for a motion for attorneys' fees to be appropriate).  This Court, therefore, deems Mr. Levin's request to be appropriate, and finds that Plaintiffs' request for an additional 4.75 hours are reasonable and sufficiently documented to warrant billing.

### C.   **Total Lodestar Award**

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of

12

attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stan E. Levin | 6.75 | $285 | $ 1,923.75 |
| Susan Dorsey | 85.85 | $185 | $15,882.25 |
| Bruce Ellis | 53.70 | $ 85 | $ 4,564.50 |
| | | Subtotal | $22,370.50 |
| | State Excise Tax of 4.712% | | $ 1,054.10 |
| | | **TOTAL** | **$23,424.60** |

The Court declines to adjust the award based on the remaining
Kerr factors.

## III. **Calculation of Costs**

As the prevailing party, Plaintiffs are entitled to
reasonable costs incurred in the administrative proceeding and in
the instant case.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I).
Plaintiffs seek a total of $714.51 in costs, consisting of the
following expenses:

| | |
|---|---|
| WESTLAW RESEARCH | 540.00 |
| PHOTOCOPIES | 90.96 |
| FAX | 14.00 |
| POSTAGE | 6.62 |
| MESSENGER | 59.50 |
| FILING | 377.00 |
| SERVICE | 75.00 |
| SUBTOTAL | 1,163.08 |
| GENERAL EXCISE TAX | 54.80 |
| **TOTAL ADVANCES** | **1,217.88** |

[Motion at 18.]  Plaintiffs have attached numerous invoices

13

documenting these costs.  [Exh. F to Levin Decl.]   Defendant did
not raise any objections to Plaintiffs' bill of costs.

### A.   **Electronic Research**

Plaintiffs request $540.00 for Westlaw research
conducted by Plaintiffs' counsel, however electronic or computer
research costs are not taxable.  See Local Rule 54.2(f)(5).  This
Court therefore RECOMMENDS that the district judge DENY
Plaintiffs' request for Westlaw research.

### B.   **Photocopying**

Plaintiffs have billed $13.00 at a rate of $.10 per
page for in-house copying and $77.96 for commercial copying,
totaling $90.96 in copying costs.  This Court finds that
Plaintiffs' billing at an in-house rate of $.10 per page comports
with Local Rule 54.2(f)(4).

Local Rule 54.2(c) states, in pertinent part, "[a]ny
vouchers, bills, or other documents supporting the costs being
requested shall be attached as exhibits."  Although Plaintiffs
make mention to their use of commercial copying services, they
have not provided any invoice or documentation verifying such
expense.

This Court RECOMMENDS that the district judge GRANT
copying costs in the amount of $13.00.  This Court RECOMMENDS
that the district judge DENY WITHOUT PREJUDICE Defendant's
remaining request, subject to the submission of supplemental

documentation in compliance with Local Rule 54.2(c).

    C.    **Facsimile, Postage, and Messenger Service**

        Plaintiffs seek $14.00 in facsimile expenses at a rate of $.20 per outgoing page, $6.62 in postage fees, and $59.50 in messenger service charges.  With regard to the requests for facsimile and postage billings, this Court finds that Plaintiffs have adequately documented their billings at reasonable rates. With respect to the messenger charges, this Court notes that Plaintiffs have not attached any supporting invoices pursuant to Local Rule 54.2(c).

        This Court, therefore, RECOMMENDS that the district judge GRANT $14.00 and $6.62 for facsimile and postage expenses, respectively.  This Court RECOMMENDS that the district judge DENY WITHOUT PREJUDICE Plaintiffs' remaining request, subject to the submission of supplemental documentation in compliance with Local Rule 54.2(c).

    D.    **Filing and Service Fees**

        Plaintiffs request $377.00 in filing fees and $75.00 in service fees, respectively.  Plaintiffs have attached an in-house messenger slip indicating $377.00 for the cost of filing the Complaint.  However, Plaintiffs have not provided any documentation for the fees Plaintiffs claim to have incurred in serving the Complaint.

        This Court therefore RECOMMENDS that the district judge

GRANT $377.00 for filing fees.  This Court RECOMMENDS that the district judge DENY WITHOUT PREJUDICE Plaintiffs' remaining request, subject to the submission of supplemental documentation in compliance with Local Rule 54.2(c).

**IV.   <u>Summary of Taxable Costs</u>**

| | | |
|---|---|---|
| PHOTOCOPIES | | 13.00 |
| FAX | | 14.00 |
| POSTAGE | | 6.62 |
| FILING | | <u>377.00</u> |
| | SUBTOTAL | 410.62 |
| | GENERAL EXCISE TAX | <u>19.35</u> |
| | **TOTAL COSTS** | **429.97** |

The Court therefore RECOMMENDS that the district court tax costs against Defendant and for Plaintiffs in the amount of $429.97.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS and RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and Costs, filed March 24, 2009, be GRANTED IN PART AND DENIED IN PART and that the district court award Plaintiffs $23,424.60 in attorneys' fees and $429.97 in costs, for a total award of $23,854.57.

IT IS SO FOUND AND RECOMMENDED.

16

DATED AT HONOLULU, HAWAII, August 6, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**TAYLOR H., ET AL. V. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 09-00020 HG-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**