IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAYLOR H., by and through her parents TODD H. and ELAINE H.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>    Defendants.<br>_____ | CIVIL NO. 09-00020 SOM-LEK |

## REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court, pursuant to a designation by Chief United States District Judge Susan Oki Mollway, is the Motion for Attorneys' Fees and Costs ("Motion"), filed on October 23, 2009 by Taylor H., by and through her parents Todd H. and Elaina H. (collectively "Plaintiffs"). Plaintiffs request an award of $7,696.86 in attorneys' fees and $69.62 in costs,[1] for a total award of $7,466.48. Defendant Department of Education, State of Hawai`I ("Defendant") filed its memorandum in opposition on November 20, 2009, and Plaintiffs filed their reply on December 4, 2009. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of

---

[1] Plaintiffs' Motion includes paralegal fees with their requested costs, but this Court considers the fees of counsel's support staff as part of the request for attorneys' fees.

Hawai`I ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court HEREBY FINDS AND RECOMMENDS that the Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge GRANT Plaintiffs $6,226.75 in attorney's fees, and $53.40 in costs, for a total award of $6,280.15.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss the events that are relevant to the instant Motion.

On March 24, 2009, Plaintiffs filed their Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs ("First Fee Motion"). Plaintiffs requested a total award of $24,721.52. On August 6, 2009, this Court issued its report of special master on the First Fee Motion ("8/4/09 Report"). In the 8/4/09 Report, this Court recommended that the district judge award Plaintiffs $23,424.60 in attorneys' fees and $429.97 in costs, for a total award of $23,854.57. The Court recommended the denial of some of Plaintiffs' cost requests due to Plaintiffs' failure to submit supporting documentation.

On August 20, 2009, Plaintiffs filed a motion to reconsider the 8/4/09 Report ("Motion for Reconsideration"). Plaintiffs submitted documentation for $199.46 in costs which this Court recommended the denial of in the 8/4/09 Report.

Plaintiffs also sought an additional $11,272.76 in attorneys' fees and costs incurred in connection with the First Fee Motion. Defendant filed a memorandum in opposition to the Motion for Reconsideration on September 3, 2009, and Plaintiffs filed a reply on September 17, 2009. On September 28, 2009, this Court issued a Report of Special Master on Plaintiffs' Supplemental Motion for Costs ("9/28/09 Report"). This Court recommended that the district judge grant the additional $199.46 in costs originally claimed in the First Fee Motion. The Court also recommended the denial of Plaintiffs' request for attorneys' fees and costs incurred in connection with the First Fee Motion because Plaintiffs did not include them in the First Fees Motion. Those fees and costs therefore were not the proper subject of a motion for reconsideration. The Court, however, recommended that the denial be without prejudice and that the district judge allow Plaintiffs to file a motion for additional attorneys' fees and costs by October 23, 2009.

On October 28, 2009, the district judge adopted both the 8/4/09 Report and the 9/28/09 Report. The instant Motion followed.

Plaintiffs argue that, as the prevailing party, they are also entitled to the attorneys' fees they incurred in the district court proceedings to litigate the fee award. They state that they are voluntarily reducing their attorneys' fee request

by one-third, from $10,517.80 to $7,011.52.  Thus, although Stanley Levin, Esq., spent 12.20 hours in the matter, and Susan Dorsey, Esq., spent 35.50 hours, Plaintiffs only seek compensation for 8.13 hours for Mr. Levin and 23.67 hours for Ms. Dorsey.  They also seek $754.96 in costs, including paralegal fees.

In its memorandum in opposition, Defendant notes that, after the initial administrative decision, Plaintiffs requested that Defendant pay $22,207.08 in reasonable attorneys' fees and costs.  Defendant asserts that it countered with a reasonable offer of $19,000.00, but Plaintiffs were not willing to negotiate the amount and proceed to file the instant action.  Defendant argues that the fees Plaintiffs seek in the instant Motion are excessive.  In particular, Defendant argues that the 11.0 hours that Ms. Dorsey spent editing the prevailing party and second chair analysis, which only consisted of six pages of the First Fee Motion, are excessive.  Defendant also contends that the 15.5 hours Ms. Dorsey spent drafting and editing the reply for the First Fee Motion, and the 2.0 hours she spent drafting and editing her declaration thereto, were excessive.  Defendant further notes that Mr. Levin spent only two hours on the administrative proceeding, but he spent twelve hours on the instant fee litigation.  Defendant also apparently argues that Plaintiffs could have avoided incurring any attorneys' fees in

the instant case by negotiating a reasonable payment of attorneys' fees and costs after the administrative proceeding. Finally, Defendant argues that Plaintiffs should not be allowed to recover the fees incurred for the Motion for Reconsideration. The Motion for Reconsideration was only necessary because Plaintiffs failed to submit the required supporting documentation with the First Fee Motion.

In their reply, Plaintiffs argue that Defendant fails to consider Plaintiffs' voluntary reduction in the hours requested.  Plaintiffs point out that Defendant only raises objections to Ms. Dorsey's time, it did not make any specific objections to Mr. Levin's or Bruce Ellis' time.  Plaintiffs assert that more time was necessary for the First Fee Motion in this case than for comparable motions in other cases because Ms. Dorsey had to address the issue whether Plaintiffs could recover Mr. Ellis' time as second chair.  This Court ultimately found in Plaintiffs' favor on that issue.  Plaintiffs also argue that they have actively sought settlement throughout the proceedings in this matter, but Defendant sought to fully litigate every aspect of this case.  Finally, Plaintiffs assert that the attorneys' fees they incurred in connection with the Motion for Reconsideration are sufficiently documented.

**DISCUSSION**

I. **Entitlement to Attorneys' Fees**

This Court has already found that Plaintiffs were entitled to reasonable attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I), [8/4/09 Report at 5,] and the district judge has adopted this finding. Defendant does not contest that this includes fees incurred at the administrative level and in the district court action to determine the fee issue. Defendant only contests the amount of the award.

II. **Calculation of Award**

In calculating an award of reasonable attorney's fees in cases brought under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"), courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See, e.g., Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.

The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2)

the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement". Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted). The Ninth Circuit, however, extending City of Burlington v. Daque, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

     Once calculated, the lodestar amount is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases). The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119. The factors the Ninth Circuit articulated in Kerr are:

>       (1) the time and labor required, (2) the novelty
>       and difficulty of the questions involved, (3) the
>       skill requisite to perform the legal service
>       properly, (4) the preclusion of other employment
>       by the attorney due to acceptance of the case, (5)
>       the customary fee, (6) whether the fee is fixed or
>       contingent, (7) time limitations imposed by the
>       client or the circumstances, (8) the amount
>       involved and the results obtained, (9) the
>       experience, reputation, and ability of the
>       attorneys, (10) the "undesirability" of the case,
>       (11) the nature and length of the professional
>       relationship with the client, and (12) awards in
>       similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for work in this case which was not addressed in the 8/4/09 Report:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 8.13 | $285 | $2,317.05 |
| Susan Dorsey | 23.67 | $185 | $4,378.95 |
| Bruce Ellis | 7.70 | $ 85 | $  654.50 |
|  |  | Subtotal | $7,350.50 |
|  | State Excise Tax of 4.712% |  | $  346.36 |
|  | **TOTAL REQUESTED LODESTAR** |  | **$7,696.86** |

[Mem. in Supp. of Motion at 5-6; Motion, Decl. of Stanley E. Levin ("Levin Decl."), Exh. J at 3.]  Mr. Levin was admitted to the Hawai`i State Bar in 1972 and has litigated numerous IDEA cases in this district court.  Ms. Dorsey was admitted to the Hawai`i State Bar in 2000.

    **A.**    **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable,

8

the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  This Court has already found the requested hourly rates for Mr. Levin, Ms. Dorsey, and Mr. Ellis to be manifestly reasonable, [8/4/09 Report at 8,] and the district judge has adopted this finding.

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

From the First Fee Motion to the Motion for

Reconsideration, Mr. Levin spent 12.20 hours on the case, Ms. Dorsey spent 35.50, and Mr. Ellis spent 7.70. Plaintiffs, however, have reduced their request to include only two-thirds of Mr. Levin's time and Ms. Dorsey's time. This Court will review the total time spent and, if the Court's reductions exceed Plaintiffs', this Court will reduce the recommended award accordingly.

### 1.  **First Fee Motion**

Defendant argues that the 11.0 hours that Ms. Dorsey spent editing the analysis of the prevailing party and second chair issues for the First Fee Motion were excessive. This Court agrees. Prior to Ms. Dorsey's time, Mr. Ellis spent 2.5 hours drafting and editing the First Fee Motion, and Mr. Levin spent 5.0 hours researching the prevailing party and second chair sections and 1.5 hours editing these sections. The prevailing party issue in this case was not significant; the administrative hearings officer expressly found that Plaintiffs were the prevailing party, and Defendant did not contest Plaintiffs' entitlement to an award of some amount. [8/4/09 Report at 2, 5.] Further, this Court disagrees with Plaintiffs' assertion that the First Fee Motion required additional time because the issue whether Plaintiffs are entitled to Mr. Ellis' fees as second chair "was unique and required more extensive research and briefing." [Reply at 4.] Mr. Levin's office has represented

10

plaintiffs in numerous IDEA cases in this district and the plaintiffs' entitlement to Mr. Ellis' fees has been litigated in many of them.  See, e.g., Alicia F. v. DOE, CV NO. 06-00268 HG-BMK, Report of Special Master, etc., filed 12/29/06 (dkt. no. 22), at 13 ("In Jessica P., a court found that it was reasonable for a party to bill for a paralegal's time as second chair at a due process hearing.  2006 U.S. Dist. WL 1005356, at *4.  The DOE submits no authority to the contrary, and the Special Master finds that it is reasonable for Mr. Ellis to bill for time spent at the hearings.").  This Court therefore finds that the 11.0 hours that Ms. Dorsey spent editing the prevailing party and second chair sections of the First Fee Motion were excessive. The Court finds that 4.0 hours is a reasonable amount of time for that task and will therefore reduce Ms. Dorsey's time by 7.0 hours.

Defendant also argues that the 17.5 hours that Ms. Dorsey spent working on the reply, including her declaration, in support of the First Fee Motion were excessive.  This Court agrees and finds that 10.0 hours is a reasonable amount of time for these tasks.  The Court will therefore reduce Ms. Dorsey's time by 7.5 hours.

### 2. **Motion for Reconsideration**

Mr. Levin spent 2.5 hours on meetings and work associated with the Motion for Reconsideration.  Ms. Dorsey spent

11

4.0 hours, and Mr. Ellis spent 2.0 hours.  Defendant argues that this time was not reasonable because the Motion for Reconsideration was only necessary because Plaintiffs failed to submit sufficient supporting document with the First Fee Motion.  This Court agrees.  Defendant should not have to bear the burden of Plaintiffs' failure to comply with the applicable rules in the first instance.  See Local Rule 54.3(d)(3) (stating that a party moving for attorneys' fees and costs "should attach copies of invoices and receipts, if possible").  The supporting documents submitted with the Motion for Reconsideration apparently were in the possession of Plaintiffs' counsel when they filed the First Fee Motion, and they could have included the documents therein.  Had they done so, the parties and the Court would not have been required to address the Motion for Reconsideration.  This Court will therefore reduce Mr. Levin's time by 2.5 hours, Ms. Dorsey's time by 4.0 hours, and Mr. Ellis' time by 2.0 hours.

        **3.**    **Settlement**

Defendant argues that the amount of time incurred in connection with Plaintiffs' attempt to recover their attorneys' fees was unreasonable because Plaintiffs refused to negotiate the requested award.  Defendant, however, cites no legal authority for this proposition.  Local Rule 54.3(b) requires only that a party moving for attorneys' fees and costs initiate consultation and attempt to reach an agreement with the opposing party

regarding the requested award.  Plaintiffs did consult with Defendant, but the parties were unable to reach an agreement. This Court therefore rejects Defendants argument that Plaintiffs acted unreasonably in their attempt to resolve the fee issue.

This Court finds that the remainder of counsel's time was reasonable.  In so finding, this Court rejects Defendant's argument that Mr. Levin's time was unreasonable because he billed more time on the fee issue than he did for the administrative hearing.

### C. **Total Lodestar Award**

Based on the foregoing, this Court FINDS that Plaintiffs have established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 8.13[2] | $285 | $2,317.05 |
| Susan Dorsey | 17.00 | $185 | $3,145.00 |
| Bruce Ellis | 5.70 | $ 85 | $ 484.50 |
| | | Subtotal | $5,946.55 |
| | State Excise Tax of 4.712% | | $ 280.20 |
| | | **TOTAL** | **$6,226.75** |

The Court declines to adjust the award based on the remaining

---

[2] This Court's reduction to Mr. Levin's time was less than the amount of time which Plaintiffs request after their voluntary reduction.  This Court will therefore apply the amount of time that Plaintiffs request.

Kerr factors.

### III. **Calculation of Costs**

This Court has already found that Plaintiffs were entitled to reasonable costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I), [8/4/09 Report at 13,] and the district judge has adopted this finding. Further, Defendant does not contest the requested award of costs.

Plaintiffs seek $25.90 for in-house photocopying costs and $42.50 for messenger fees. Mr. Levin states that all of the requested costs were necessary to his representation of Plaintiffs in the district court proceedings. [Levin Decl. at ¶¶ 6-7.] Plaintiffs submitted counsel's in-house copying logs, which state that counsel made a total of 259 copies. [Exh. M to Levin Decl. at 1-3.] Thus, the requested per page rate is $0.10. This comports with the district court's practice regarding the award of in-house copying costs. See Local Rule LR54.2(f)(4) ("As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page [.]"). This Court finds that Plaintiffs' copying costs were reasonably and necessarily incurred in this case and they are the type of expenses that are typically charged to fee-paying clients. This Court therefore finds that Plaintiffs' copying costs are compensable.

Plaintiffs incurred $42.50 for three messenger

deliveries of courtesy copies of the following electronically filed documents: the First Fee Motion; an errata to the First Fee Motion; and the reply for the First Fee Motion. In support of this request, Plaintiffs submitted counsel's delivery request forms, which identify the documents to be delivered, the number of copies to be delivered, the locations of the deliveries, and the dates of the deliveries. [Exh. M to Levin Decl. at 4-6.] Mr. Levin's declaration provides the total cost of the three deliveries. [Levin Decl. at ¶ 6.] Plaintiffs have submitted sufficient evidence that messenger expenses were incurred, but they have not established the amount of each expense.[3]

The errata to the First Fee Motion was necessary because Plaintiffs filed the First Fee Motion's declarations of Ms. Dorsey and Mr. Ellis without signatures. The errata consisted of signed versions of those declarations. Insofar as the errata was only necessary because of Plaintiffs' failure to submit signed declarations with the First Fee Motion, the expense for the delivery of the errata was not reasonably necessary and is not compensable. Because Plaintiffs failed to specify the charge for each delivery, the Court will attribute $15.00, or approximately one-third of the total amount requested to the delivery of the errata. The Court finds that $27.50 of

---

[3] The better practice would be to submit supporting documentation which specifies the charge for each delivery.

15

Plaintiffs' messenger expenses is compensable.

The Court therefore FINDS that Plaintiffs are entitled to an award of $53.40 in costs, representing $25.90 for in-house copying and $27.50 for messenger fees.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and Costs, filed on October 23, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT Plaintiffs $6,226.75 in attorney's fees, and $53.40 in costs, for a total award of $6,280.15.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 15, 2010.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**TAYLOR H., ET AL. V. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 09-00020 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**